IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

In the Matter of the Search of the **Target Device,** an iPhone 16 Pro Max, Model D94AP, Serial Number L654R2FFP4

Case No. 0:26–cr–00326

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Brendan M. Roth, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

### I.     Introduction and Agent Background

1.     I submit this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant of the iPhone 16 Pro Max, Model D94AP, Serial Number L654R2FFP4, currently in the possession of the Federal Bureau of Investigation, known as the **Target Device,** which is believed to contain evidence of the possession of child pornography committed by Cody Wayne Thomas (THOMAS). Attachment A of this affidavit further describes the **Target Device,** and Attachment B further describes the evidence sought pursuant to the proposed search warrant, believed to be utilized by THOMAS in commission of the above referenced crime.

2.     This affidavit is based upon my personal knowledge, experience, and training, and other information developed during the course of this investigation. This affidavit is also based upon information and experience imparted to me by other law enforcement officers. I am submitting this Affidavit for the limited purpose of demonstrating probable cause to search the **Target Device,** which is an iPhone 16 Pro Max, Model D94AP, Serial Number L654R2FFP4, a cellular device previously seized from THOMAS at his residence, 1127 N. Mountain St.

Blacksburg, SC 29702, by U.S. Probation Officers. I have not included every fact known about this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 2252A(5)(B) (possession of child pornography) have been committed and that the **Target Device** contains evidence, fruits, and instrumentalities of this violation and contraband, as further described in Attachment B of this affidavit.

3. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) for approximately 12 years. As a Special Agent, I was previously assigned to the FBI Los Angeles Division and FBI San Antonio Division. During my career with the FBI, I have participated in a wide variety of criminal investigations, including counterterrorism, public corruption, violent crime, and complex financial fraud. Most notably, I have experience working Violent Crimes Against Children (VCAC) cases, which includes sexual exploitation investigations of hands-on offenses and the online production and trading of child sexual abuse material (CSAM). I also served as an FBI Supervisory Special Agent at FBI Headquarters in the Crimes Against Children and Human Trafficking Unit. I am currently assigned as a Special Agent to the FBI Columbia Division, Rock Hill Resident Agency, and investigative various criminal violations, most notably, child exploitation matters.

4. Prior to serving as an FBI Special Agent, I was employed as an FBI Intelligence Analyst for approximately 4 years, specializing in counterterrorism matters and undercover operations. Prior to my FBI service, I was employed in the private sector.

5. I have experience in investigations involving the use of computers, electronic devices, and the Internet to commit violations of federal law and the use of these items to store information associated with these violations. I have participated in the execution of search warrants

involving the search and seizure of electronic equipment, business records, narcotics, weapons, and other contraband. Through my training, education, and experience, I have become familiar with the way criminals communicate and operate online, including through Internet marketplaces, email accounts, encrypted communication platforms and social media applications. I have served as the affiant on previous search warrants and have participated in the execution of search warrants involving the search and seizure of electronic equipment. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), and empowered by federal law to investigate and make arrests for offenses enumerated in Title 18 of the United States Code.

## II.     Target Offenses

6.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C § 2252A(a)(5)(B) (Possession of Child Pornography) have been committed by Cody THOMAS.

7.     I respectfully submit there is probable cause to believe THOMAS violated 18 U.S.C § 2252A(a)(5)(B) because there is probable cause to believe his conduct satisfies all three elements of the statute: (1) First, THOMAS possessed or accessed with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography; (2) that had been mailed, or shipped or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means, including by computer, or was produced using materials that had been nailed, or shipped or transported in or affecting interstate commerce by any means, including by computer, and (3) Third, THOMAS acted knowingly.

8.      Based on my training, experience, and consultation experienced agents assigned to investigate child sexual exploitation and child pornography, I know the following:

a.  Persons who are involved with child pornography often have other sexually explicit materials related to their interest in children, which may consist of photographs, videos, text material, graphics and digital or other images for their sexual gratification, often including child erotica, which may consist of material involving sex with minors that do not rise to the level of child pornography but nonetheless fuel their deviant sexual fantasies involving minors. I am aware that this sort of material has been admitted in trials under Fed. R. Evid. 404(b) to prove such things as knowledge, intent, motive, and identity and under Fed. R. Evid. 414 to present evidence of uncharged instances of "child molestation" within the meaning of that rule.

b.  Individuals who collect child pornography often seek out like-minded individuals, in person or on the Internet, to share information and trade depictions of child pornography and child erotica. They commonly do this to gain status, support, and to increase their collection of files. The different Internet-based vehicles used by such individuals to communicate with each other include peer-to-peer (P2P) chat and file sharing programs, e-mail, e-mail groups, bulletin boards, Internet Relay Chat (IRC), newsgroups, Dark Web channels, and various messaging or social media platforms that are commonly saved on a device or other digital storage media.

c.  Apart from photos and videos of minors and child erotica, such individuals often collect other material on the subject of sexual activities with minors, which range

from fantasy stories to medical, sociological, and psychological writings, which they commonly save to appeal to their sexual desires.

d. Individuals who collect child pornography often collect the names of people, users, or internet-based channels, including mobile applications, where they can return to access child pornography or child erotica for sale or trade. Even if the child pornography files themselves are not saved on the device, evidence of the applications, the identity of others who the user communicated with to discuss or exchange files, and artifacts related to the files, or the use of such applications, are commonly found on devices. Such information represents relevant and probative evidence.

e. I also know that individuals who collect child pornography rarely if ever completely dispose of or entirely lose access to their sexually explicit materials and may go to great lengths to conceal and protect their collections of illicit materials from discovery, theft, or damage. The known desire of such individuals to retain child pornography files and access to the files, together with the sense of security afforded by using computers, provides probable cause to believe that images and videos that represent child pornography or child erotica will be retained by the collector indefinitely. These individuals may protect their illicit materials by placing them on storage devices and using passwords, encryption, and other security measures; such devices can be very small in size, as small as a postage stamp, so that they can be easily hidden, stored, or shared. Targets also commonly store their child pornography on third party social media or cloud storage applications accessible through their devices. Based on my training and experience,

I know that data related to those applications and their use can be recovered from devices and the application providers after long periods of time and after a user attempt to delete such applications, all of which would represent relevant and probative evidence.

f.  Deleted files can also be recovered. Based on my training and experience, I know that even data that a user has attempted to delete can be recovered from electronic devices through the forensic review process. Artifacts, files, and images associated with content or activities that a user may believe are no longer on their device can commonly be recovered. Such data can lead to the recovery of both the files and evidence that shows ownership and control over a device or application. Electronic data is a part of what this warrant seeks. I know that such data exists on devices and can be recovered for long periods of time after it is created, and at times after it is deleted.

g.  Based on my training and experience, I also know that where there are multiple instances of child pornography activity, courts may infer that a search would produce additional evidence of the same, given what is known as the "collector's inference." *See, e.g., United States v. Krueger*, 145 F.4th 460, 465 (4th Cir. 2025) (reasoning the collector inference applied because the conduct occurred across multiple days).

III.     **Background Regarding Computers, the Internet, and E- Mail**

9.     The term "computer," as used herein is defined in 18 U.S.C. § 1030(e)(1), includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device

performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

10.     I have consulted with experienced agents who have had training in the investigation of computer-related crimes. Based on my own training and experience, as well as the training and experience of other agents with whom I have consulted, I know the following:

a.     The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. To access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet. The world wide web ("www") is a functionality of the Internet which allows users of the Internet to share information.

b.     Email is a popular form of transmitting messages and/or files in an electronic environment between computer users. Email is instantaneous, communication is committed to writing, and the email recipient does not have to be physically present when the email message is sent.

c.     When an individual computer user sends email, it is initiated at the user's computer, transmitted to the subscriber's mail server, and then transmitted to its destination. A server is a computer that is attached to a dedicated network and serves many users. An email server may allow users to post and read messages and to communicate via electronic means.

## IV.     **Probable Cause**

*Investigative Lead: U.S. Probation, Pretrial Services and FBI Charlotte Field Office*

11.     On 06/28/2016, THOMAS was sentenced in federal court in the Western District of North Carolina to 135 months followed by five years of supervised release after pleading guilty to Possess with Intent to Distribute Methamphetamine – a violation of 21 U.S.C. 841 (a) (1) and (b) (1) (A). This sentence was later amended on 1/31/2024 to time served, plus 30 days, followed by five years of supervised release. U.S. Probation office conducted a home investigation at THOMAS's South Carolina residence after learning he relocated from North Carolina. THOMAS's supervision remained with the U.S. Probation office in the Western District of North Carolina.

12.     On or about 03/06/2026, U.S. Probation Officers contacted Cody THOMAS at his new residence, 1127 N. Mountain Street, Blacksburg, SC 29702. THOMAS claimed to own the residence, and therefore, U.S. Probation conducted a routine "home investigation" related to the terms of his probation.

13.     U.S. Probation observed bullet casings and baggies appearing to contain drug residue at THOMAS's residence during the "home investigation." THOMAS admitted to U.S. Probation Officers that he consumed methamphetamine approximately four days prior.

14.     Based on observations made by U.S. Probation Officers at the residence and THOMAS' admission of drug use, U.S. Probation requested and obtained consent from THOMAS to search the **Target Device**, an iPhone 16 Pro Max, Model D94AP, Serial Number L654R2FFP4. THOMAS was in possession of the cell phone and indicated that the phone belonged to him. The U.S. Probation Officer searched the **Target Device** for the term "ice," related to THOMAS's suspected probation violation involving drug activity.

15.     During the search, U.S. Probation observed an image of what appeared to be a female's genitals and another image of what appeared to be a female engaged in sexual intercourse

with an adult male. The age of the females could not be positively determined from simply viewing the image, but it appeared the female had under-developed breasts, and the U.S. Probation Officer suspected it may be an image of child pornography.

16.     An exigent search was conducted at THOMAS's residence, and the **Target Device** was seized for further forensic review by U.S. Probation. During a forensic analysis of the **Target Device**, multiple images and videos were positively identified as CSAM via "Project Vic" and the National Center for Missing and Exploited Children.[1] After this discovery, the FBI Charlotte Field Office and the U.S. Attorney's Office were notified of the suspected CSAM.

17.     On 03/11/2026, I was contacted by the FBI Charlotte Field Office because of the subject's relocation to Blacksburg, South Carolina. I contacted U.S. Probation Officers (1) to obtain completed investigative reports involving THOMAS, (2) to review previously identified suspected CSAM files, and (3) to arrange for the transfer of the **Target Device** into the FBI's custody.

18.     On 03/18/2026, I met with the U.S. Probation Officers in Charlotte, North Carolina to review the identified suspected CSAM files, based on the U.S. Probation Officer's preliminary review of the **Target Device**. In total, U.S. Probation tagged 28 files of suspected CSAM, including seven images and 21 videos.

19.     Based on my preliminary review of the previously identified CSAM files, I determined the referenced files met the threshold for being considered CSAM and warranted additional investigation. I reviewed the following three files from the **Target Device**:

a.  **File name:** 7tJkmLQA
    **MD5:** 8cd403022e8af3337dc4405df63e5031
    **Path:** /private/var/mobile/Containers/Shared/AppGroup/44ABCAB2-676D-4300-9FEC-36183AD21E64/Library/Caches/previewsV3/7tJkmLQA
    **Description:** The image file depicted a naked, prepubescent, Caucasian female with long blonde hair. The victim's chest is exposed. An adult Caucasian Male holds his penis with

---

[1] Project Vic (International) is a non-profit entity that offers assistance to law enforcement using hash value comparisons to review and identify child abuse materials.

his right hand, placing it near the victim's chest/mouth. The minor victim has her mouth open, potentially about to engage in oral sex with the adult male.

b. **File name:** STa8iihUxUs.jpg
**MD5**: 45104d2668da70f1faa333b8931c7c97
**Path:** /private/var/mobile/Containers/Shared/AppGroup/44ABCAB2-676D-4300-9FEC-36183AD21E64/Library/Caches/originalV3/b0BSwJDb/STa8iihUxUs.jpg
**Description:** A naked, Caucasian prepubescent minor female victim is depicted performing oral sex on an adult Caucasian male. In the image, the minor victim has the adult male's penis inserted in her mouth. The minor victim is blindfolded with a black cloth covering. The victim's chest is depicted in the image. In the background of the image, flower/paisley patterned wallpaper and a grey/blue colored blanket are visible.

c. **File name:** 9 YO girl licking by dog.wmv
**MD5**: ee1de60f17220c8db22f69121e5fb2bd
**Path:** /private/var/mobile/Containers/Data/Application/500758DE-0C92-4439-AE76-D1D62BA6BE1C/Documents/Inbox/9 YO girl licking by dog.wmv
**Description:** The two minute and six second video depicted a naked, Caucasian, prepubescent minor female victim with her chest clearly visible. The minor victim has yellow rope tied around her wrists, which is above her head. The victim is lying on her back on a purple towel with a multicolored cloth garment covering her eyes. During the video, a brown colored dog with a pink collar is recorded licking the minor victim's exposed vagina. The minor victim's ankles are tied to the bed with yellow rope. Later in the video a Caucasian, adult male inserted his penis into the minor victim's mouth while she is tied up. The minor victim performed oral sex on the adult male.

20.     On 03/18/2026, I took possession of the **Target Device**, which was previously seized on 03/06/2026, by U.S. Probation, at THOMAS's residence, 1127 N. Mountain St. Blacksburg, South Carolina. It remains in my custody and is held at the FBI Columbia Field Office, 222 Caughman Farm Lane, Lexington, South Carolina 29072.

## V.     Conclusion and Requested Authority

21.     I respectfully submit that there is probable cause to believe that violations of the Target Offense have been committed, and that evidence would be found on the **Target Device**. I therefore respectfully seek approval of this warrant.

22.    I am seeking authority to immediately search the contents of the **Target Device,** believed to be previously used by THOMAS, in furtherance of the Target Offense.

23.    Assistant United States Attorney T. DeWayne Pearson reviewed this Affidavit.

I swear, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Brendan Roth
Special Agent
Federal Bureau of Investigation (FBI)

SWORN TO ME VIA TELEPHONE OR
OTHER RELIABLE ELECTRONIC MEANS
AND SIGNED BY ME PURSUANT TO
FED. R. CRIM. P. 4.1 AND 4(d) OR 41(d)(3),
AS APPLICABLE

This 20th day of April , 2026
Columbia, South Carolina

HONORABLE PAIGE J. GOSSETT
UNITED STATES MAGISTRATE JUDGE